UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEFFERY HUDSON MCELWAIN,

    Plaintiff,

v.                                            Case No. 3:20cv5839-MCR-HTC

WILLIAM EDDINS and
LAURA YOUNG,

    Defendants.
_____/

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Jeffrey Hudson McElwain's *pro se* complaint (ECF Doc. 1) and motion for leave to proceed *in forma pauperis* (ECF Doc. 2). Plaintiff files the complaint pursuant to 42 U.S.C. § 1983, alleging that his Fourteenth Amendment rights have been violated based on his wrongful prosecution, conviction, and incarceration facilitated by the State Attorney's Office. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(E).

As an initial matter, Plaintiff's motion to proceed *in forma pauperis* is GRANTED. However, upon screening the complaint under 28 U.S.C. § 1915(e), and for the reasons set forth herein, the undersigned respectfully recommends that this action be dismissed because Plaintiff's complaint seeks monetary relief against Defendants who are immune from such relief and this Court does not have jurisdiction to terminate Plaintiff's sentence of probation imposed by the Circuit Court of Escambia County, Florida. Given these incurable deficiencies, the undersigned finds that dismissal without leave to amend is appropriate as allowing Plaintiff to amend his complaint would be futile.

## I.   BACKGROUND

Plaintiff brings this § 1983 lawsuit against two (2) Defendants: William Eddins, the State Attorney for the First Judicial Circuit of Florida, and Laura Young, Assistant State Attorney for the First Judicial Circuit of Florida. ECF Doc. 1 at 2. Plaintiff's complaint contains very minimal facts and is, instead, comprised of primarily of conclusory allegations. Plaintiff's facts, in its entirety, are as follows:

> The Plaintiff was arrested, extradited from Tennessee, prosecuted, convicted, and sentenced to 10 years in state prison for Violation of Probation on April 9, 2019, Case No: 2014-CF-000840 C, without an information, presentment, and/or indictment ever having been filed for that charge. The fact that this was known by the defendants in this claim, is obvious and clearly referenced in the transcript of the proceedings. The plaintiffs sentence and judgement was vacated on mandate from the 1st DCA of Florida, Case No: 1D19-1593. In the "Answer Brief" to the plaintiffs "Supplemental Initial Brief" the state responds, "The State does not dispute that it is a violation of due process, and fundamental error to revoke a defendants probation based on conduct not

> alleged/charged in the affidavit". Therefore, the state conceded error. As this is a blatant violation of due process, the prosecution, conviction, and subsequent incarceration are wrongful and unlawful. While wrongfully/unlawfully incarcerated the plaintiff was exposed to, and tested positive for COVID-19.
> **(Both Defendants in this action are responsible for ALL the facts stated above, either directly or indirectly)**

ECF Doc. 1.

Because of the limited facts set forth in the complaint, the undersigned takes judicial notice of the following additional information which was obtained from the online dockets for the referenced state court proceedings and a published opinion of the First District Court of Appeal ("First DCA") in *McElwain v. State*, 295 So. 3d 1253, 1254 (Fla. Dist. Ct. App. 2020). *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649 (11th Cir. 2020) (recognizing that a court may take judicial notice of online court dockets and a fact that is not subject to a reasonable dispute, provided that the court give the parties an opportunity to be heard).

In June 2015, Plaintiff was found guilty after pleading no contest to two counts of trafficking in amphetamine of 14 grams or more, one count of selling, manufacturing, delivering or possessing a controlled substance with intent to sell, manufacture or deliver, one count of possession of a concealed weapon by a convicted felon, three counts of unlawful possession of certain listed chemicals and one count of possession of drug paraphernalia. *See* online for 2014 CF 00840 C at

https://public.escambiaclerk.com/BMWebLatest/CourtCase.aspx/DetailsPrint/2020761?digest=j6bFy0/k8b4FxHcJQLCjNg.

In November 2018, the trial court issued a violation of probation warrant for Defendant. *See McElwain*, 295 So. 3d at 1254. On February 1, 2019, Plaintiff was arrested in Tennessee and later extradited to Florida for violating the terms of his probation. *See* online docket for 2014 CF 00840 C.

On April 11, 2019, Plaintiff was found guilty, after pleading no contest, to the probation violations and sentenced to seven concurrent terms of 10 years in prison, with credit for time served. *See id*. Plaintiff appealed his conviction to the First DCA, and the First DCA reversed and remanded the judgment for further proceedings because there was no affidavit supporting the probation violation in the record. *McElwain*, 295 So. 3d at 1254. The First DCA instructed that, upon remand, if no affidavit was filed then the reversal is without prejudice to the State's ability to file a timely affidavit and if an affidavit was filed, then the trial court could reissue the revocation order (assuming the affidavit supported the revocation). *Id*. The First DCA issued its mandate on June 26, 2020.

On June 17, 2020, the Plaintiff filed a writ of prohibition with the First DCA, which matter remains pending as case number 1D20-1866. *See* online docket at http://onlinedocketsdca.flcourts.org/DCAResults/CaseDocket?Searchtype=Case+Number&Court=1&CaseYear=2020&CaseNumber=1866.

Case No. 3:20cv5839-MCR-HTC

Subsequently, on August 26, 2020, the trial court entered an order vacating the judgment and sentence for violation of probation. *See* online docket for Case No. 2014 CF 00840 C.

Although Plaintiff appears to be misinformed about why the First DCA reversed the trial court's revocation of probation order, alleging that it was for lack of an information (rather than lack of an affidavit), Plaintiff nonetheless alleges that the State's conduct in his state case was a "blatant violation" and that his "prosecution, conviction, and subsequent incarceration [were] wrongful and unlawful." *Id.* As a result of his wrongful incarceration, Plaintiff alleges he was exposed to and contracted COVID-19. *Id.* As relief, Plaintiff seeks termination of his original sentence of probation, actual damages in the amount of $2,500.00, punitive damages in the amount of $2,500,000.00, and hedonic damages in the amount of $115,500.00. *Id.* at 5.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint and dismiss it if it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Mehmood v. Guerra*, 783 F. App'x 938, 940 (11th Cir. 2019) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners

alike."). The Court must read Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a plausible claim for relief, plaintiffs must go beyond merely pleading the sheer possibility of unlawful activity by a defendant; plaintiffs must offer factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

### III.   DISCUSSION

####   A.   Defendants Are Absolutely Immune From Monetary Damages

Plaintiff seeks monetary damages from Defendant Eddins and Defendant Young, two prosecutors for the First Judicial Circuit's State Attorney's Office. However, federal courts have long established that a prosecutor enjoys "absolute immunity from . . . 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). "Such absolute immunity extends to a prosecutor's 'acts undertaken in preparing for the initiation of judicial proceedings . . . which occur in the course of his role as an advocate for the State.'" *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999)

(quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).  *See Pachtman*, 424 U.S. 409, 431 (1976) (holding that a state prosecutor had absolute immunity for the initiation and pursuit of a criminal prosecution).

The Eleventh Circuit has recognized that acts covered under a prosecutor's role as an advocate for the state include "filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, [and] refusing to investigate complaints about the prison system."  *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (quoting *Henzel v. Gerstein,* 608 F.2d 654, 657 (5th Cir.1979)); *Marx v. Gumbinner,* 855 F.2d 783, 789 n. 10, 790 (11th Cir.1988).  Moreover, the Supreme Court has "been 'quite sparing' in recognizing absolute immunity for state actors."  *Buckley*, 509 U.S. at 269 (quoting *Forrester v. White*, 484 U.S. 219, 224 (1988)).

There can be no dispute that the prosecution of Plaintiff for violating the terms of his probation is conduct taken in the line and scope of the Defendants' duties as an advocate for the state.  Thus, regardless of whether the judgment was eventually reversed, the Defendants' actions were squarely within the established boundaries of prosecutorial acts covered under absolute immunity.  As such, Plaintiff cannot claim monetary damages against Defendants Eddins and Young, the sole defendants in this action.

Case No. 3:20cv5839-MCR-HTC

### B. Plaintiff May Only Seek Release from His Sentence of Probation Under § 2254

In addition to seeking $2,500 in actual damages, $2,500,000 in punitive damages and $115,500 in hedonic damages, Plaintiff also seeks "[t]ermination of any probationary sentence associated with Case No: 2014-CF-000840 C." ECF Doc. 1 at 4. This Court, however, is without jurisdiction to alter a sentence imposed by the state court outside of a properly and timely filed petition for writ of habeas corpus relief filed pursuant to 28 U.S.C. § 2254. *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("Simply put, if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action."). The "termination of any probationary sentence" sought by McElwain would change the duration of his sentence, as probation is considered part of the custodial sentence. *Blanco v. Fla.*, 817 F. App'x 794, 796 (11th Cir. 2020) ("The custody requirement may be met where a § 2254 petitioner is on probation, parole, or bail.") (citing *Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982)). Therefore, Plaintiff's requested relief is not available in a § 1983 action.

Moreover, while the Court could treat Plaintiff's complaint as such a § 2254 petition, it appears from the state court docket that Plaintiff has not yet exhausted his state court remedies. *See* online docket at 2014 CF 000840 C. Indeed, as set forth above, a petition for writ of prohibition remains pending with the First DCA.

Accordingly, Plaintiff has not set forth any claims which can properly proceed before this Court.

## IV. CONCLUSION

For the reasons set forth above, the undersigned recommends this action be dismissed. Also, because Plaintiff cannot assert any set of facts that would state a claim in this case, the undersigned recommends that dismissal—rather than a chance to amend—is appropriate, as an amendment would be futile. *Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) (concluding that "district courts need not permit amendment where it would be futile to do so"). Moreover, a *sua sponte* dismissal is appropriate in this case because this Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed and gives Plaintiff the opportunity to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Glover v. Williams*, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF Doc. 2) is GRANTED.

It is also respectfully RECOMMENDED that:

1. Plaintiff's complaint (ECF Doc. 1) be dismissed for failure to state a claim.

2. The clerk be directed to close the file.

Done in Pensacola, Florida, this 6th day of October, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:20cv5839-MCR-HTC